**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ELANGE WILLIAMCEAU,

        Plaintiff,

                                  Case No.: 2:16-cv-00855-JES-CM

v.

DYCK-O'NEAL, INC.,

        Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE**
**DEFENDANT'S AFFIRMATIVE DEFENSES**

COMES NOW the Plaintiff, ELANGE WILLIAMCEAU, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 8(a) and 12(f), and hereby moves this Honorable Court to strike the Affirmative Defenses filed by Defendant, DYCK-O'NEAL, INC. (hereinafter "Defendant" or "DONI"), on November 30, 2016. As grounds therefore, Plaintiff states the following:

**PROCEDURAL HISTORY**

Plaintiff filed the instant complaint in the Circuit Court for the Twentieth Judicial Circuit, in and for Charlotte County, Florida, on or about October 26, 2016, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* On November 30, 2016, Defendant filed its Notice of Removal to this Court (Doc. No. 1) along with its Answer and Affirmative Defenses to the Complaint (Doc. No. 3), which included a total of four affirmative defenses.

Defendant's Affirmative Defenses are all defective in some fashion such that they are due to be stricken. The defenses, in general, are wholly conclusory, contain no factual support or context, and are simply formulaic recitations of generic legal doctrines. These conclusory assertions cannot satisfy the relevant pleading standard under either Federal Rule of Civil Procedure 8 or *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Further, some of the Defendant's Affirmative Defenses are not affirmative defenses at all, but mere denials of allegations of Plaintiff's Complaint, or are simply inapplicable to the case at bar. Accordingly, all four of Defendant's Affirmative Defenses are all due to be stricken.

## LEGAL STANDARDS

It is well established that courts have broad discretion to strike insufficient affirmative defenses. *See* Fed. R. Civ. P. 12(f); *see also Microsoft Corp. v. Jesse's Computers and Repair, Inc.*, 211 F.R.D 681 (M.D. Fla. 2002) (striking affirmative defense for failure to plead sufficient facts in support of defense). Rule 12(f) provides, in pertinent part, that "the court may order stricken from any pleading any insufficient defense[.]" Courts have found that striking affirmative defenses with no basis in law or factual support is "extremely valuable to all concerned 'in order to avoid the needless expenditures of time and money' in litigating issues which can be seen to have no bearing on the outcome." *S.E.C. v. Weil*, 1980 U.S. Dist. LEXIS 12144, *2 (M.D. Fla. 1980) ("weeding out legally insufficient defenses at an early stage of a complicated lawsuit" is favored).

Pursuant to Rule 8(a), defendants must set forth a short and plain statement of the affirmative defense asserted and sufficient facts to support it. *See* Fed. R. Civ. P. 8(a); *see*

*also Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 U.S. Dist. LEXIS 61608, *8-9 (S.D. Fla. 2007) (striking affirmative defenses for failure to provide sufficient factual support to give fair notice of the nature of the defenses and the grounds on which they rest), *citing Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *Microsoft*, 211 F.R.D. at 684. Courts have firmly held that a defendant must do more than make conclusory allegations. *See*, *e.g., Microsoft*, 211 F.R.D. at 684. If the affirmative defense contains no more than "bare bones conclusory allegations, it must be stricken." *Id.* (citations omitted). Here, none of Defendant's affirmative defenses are sufficient to survive a motion to strike.

## LEGAL ARGUMENT

As a whole, Defendant's bare bones assertion of its defenses fails to comply with the pleading requirements of Rule 8(a). *Groves v. Dury*, 2006 U.S. Dist. LEXIS 62540, *2 (M.D. Fla. 2006); *Microsoft Corp.*, 211 F.R.D. at 684 (finding that when an affirmative defense fails to include more than "bare bones conclusory allegations, it must be stricken") (citations omitted). Although Rule 8(a) does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. at 553 (interpreting the requirements of Rule 8 on a motion to dismiss); *Curry v. High Springs Family Practice Clinic & Diagnosis Ctr., Inc.*, Case No. 1:08-cv-00008, 2008 U.S. Dist. LEXIS 99462, *9 (N.D. Fla. 2008) (dismissing affirmative defense for failure to plead sufficient facts to put the plaintiff sufficiently on notice of what defendants intend to present).

Many of Defendant's affirmative defenses are wholly inadequate to provide the Plaintiffs with proper notice as to what actions and conduct give rise to such vague, conclusory defenses. Defendant fails to allege any sufficient facts in support of many of its affirmative defenses. By way of example, in its Second Affirmative Defenses, Defendant generally alleges that "[a]ny violation of the law or damage suffered by Plaintiff was due to the affirmative actions and/or omissions of Plaintiff or others[.]" Ans. and Aff. Def., pg. 3. Consequently, under Rule 8(a) and well-established case law, Defendant's affirmative defenses, as a whole, are insufficiently pled and should be stricken. Plaintiff will discuss each affirmative defense in greater detail below.

### A.     Defendant's First Affirmative Defense

In its first listed affirmative defense, Defendant alleges that "Plaintiff lacks standing as she [sic] has suffered no injury-in-fact as the result of any act or omission by Defendant." However, "injury-in-fact" is not required to give rise to a plaintiff Article III standing to bring a TCPA claim. The statute specifically entitles a TCPA plaintiff "to recover for actual monetary loss [...] *or* to receive $500 in damages for each [...] violation, whichever is greater[.]" *See* 47 U.S.C. § 227(b)(3)(B). Under the TCPA, "a prevailing plaintiff need not have suffered any monetary loss in order to recover statutory damages." *See Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F. 3d 1245, 1252 (11th Cir. 2015), *citing Chapman v. Wagener Equities, Inc.*, 747 F. 3d 489, 491 (7th Cir. 2014).

The three elements required to prove Article III standing are (1) an actual or imminent injury or a concrete "*invasion of a legally protected interest*"; (2) causation, and (3) redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also*

4

*Muzuco v. Re$ubmitIt, LLC*, 297 F.R.D. 504 (S.D. Fla. 2013) (emphasis added).  The defense that a Plaintiff has not suffered "injury-in-fact" such that he has Article II standing has been squarely rejected by Florida district courts when asserted in cases involving analogous consumer protection statutes.  *See Thorne v. Accounts Receivable Management, Inc.*, 2012 WL 3108662 (S.D. Fla. 2012) (stating that "injury in fact" as required by Article III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing).  Plaintiff has pled an invasion of legal rights under the TCPA, which causes an "injury in fact" sufficient to create Article III standing.  Accordingly, Defendant's First Affirmative Defense is immaterial, impertinent and frivolous, and must be stricken as same.

B.  **Defendant's Second Affirmative Defense**

In its second listed affirmative defense, Defendant alleges that "[a]ny violation of the law or damage suffered by Plaintiff was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against Defendant." The Defendant does not state with any specificity what whether Plaintiff himself is responsible for damages, or whether some hypothetical third party is responsible, nor does Defendant identify these hypothetical third parties it alludes to in this defense.  Further, Defendant does not offer any explanation as to what actions or omissions of which parties are ultimately to blame for the damages alleged in Plaintiff's Complaint.  This defense is unsupported by facts and fails to provide "fair notice" to the Plaintiff of the actual nature of this defense and the grounds upon which it rests.  *See Bartram, LLC v. Landmark American Ins. Co.,* 2010 WL 4736835, *2 (N.D. Fla. 2010).  Further, this defense is purely

hypothetical and wholly fails to raise a right to relief above the speculative level, as it is not supported by any facts whatsoever. Accordingly, this defense is insufficient and must be stricken. *See* Fed. R. Civ. P. 8; *see also Twombly*, 550 U.S. at 553.

C.  **Defendant's Third and Fourth Affirmative Defenses**

In its third listed affirmative defense, Defendant states that "Defendant does not utilize an ATDS as defined by the TCPA to place calls as alleged by Plaintiff." In its fourth listed affirmative defense, Defendant states that "Plaintiff provided prior express consent to receiving calls made using an automated telephone dialing system and/or an artificial or prerecorded voice on his/her cellular telephone." These defenses are merely denials of certain allegations of Plaintiff's Complaint, namely paragraphs 12, 13 and 19. Accordingly, Defendant's Third and Fourth Affirmative Defenses are mere denials and must be stricken as such. *See Renalds v. S.R.G. Restaurant Group*, 119 F.Supp.2d 800, 804 (N.D. Ill. 2000) (defenses that merely restate denials in an answer are both unnecessary and inappropriate).

WHEREFORE the Plaintiff, ELANGE WILLIAMCEAU, respectfully requests this Honorable Court enter an order striking all four of Defendant's Affirmative Defenses (Doc. No. 3), and granting any further relief that this Honorable Court deems just and proper.

### RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, the undersigned conferred with counsel for Defendant regarding the relief sought in this motion, who does not consent to same with respect to all affirmative defenses

sought to be stricken with the exception of number two.  Mr. McHale advised Defendant's Second Affirmative Defense would be withdrawn however neither a withdrawal or amended answer has yet to be filed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon the persons named on the attached Service List electronically via the Court's CM/ECF system on December 21, 2016.

*/s/ Joseph C. LoTempio*
Joseph C. LoTempio, Esq.
FBN: 0086097
jlotempio@dellutrilawgroup.com
THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
239-939-0900
239-939-0588 – Fax
www.DellutriLawGroup.com

### Service List

Dale T. Golden, Esq.
Charles J. McHale, Esq.
Golden Scaz Gagain, PLLC
201 North Armenia Avenue
Tampa, FL 33609
dgolden@gsgfirm.com
cmchale@gsgfirm.com
*Counsel for Defendant*

3102.00