UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELANGE WILLIAMCEAU,

    Plaintiff,

v.                         Case No: 2:16-cv-855-FtM-29CM

DYCK-O'NEAL, INC.,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. #11) filed on December 21, 2016. Defendant filed a Response in Opposition (Doc. #13) on February 2, 2017. For the reasons set forth below, Plaintiff's Motion to Strike is granted.

I.

Elange Williamceau (Plaintiff) filed a one-count Complaint (Doc. #2) in state court alleging violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et seq. The Complaint alleges that Dyck-O'Neal, Inc. (Defendant) used an Automated Telephone Dialing System (ATDS) known as "LiveVox" to call Plaintiff's cell phone eighteen (18) times between November 5, 2012 and April 8, 2013, in an effort to collect on a debt, and without her consent. (Id. ¶¶ 12-15.) Defendant removed the action to this Court (Doc. #1) on November 30, 2016.

That same day, Defendant also filed an Answer (Doc. #3) asserting four affirmative defenses: (1) lack of Article III standing; (2) comparative fault; (3) no use of an ATDS; and (4) prior express consent to be called. Plaintiff now moves under Rule 12(f) to strike these defenses on grounds that they are either not proper "affirmative" defenses or are "wholly inadequate to provide Plaintiff with proper notice as to what actions and conduct give rise to such vague, conclusory defenses." (Doc. #11, p. 4.) Defendant has since withdrawn its second affirmative defense (Doc. #14) but opposes Plaintiff's request to strike the remaining three defenses.

## II.

The Federal Rules of Civil Procedure require a defendant to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Pursuant to Rule 12(f), courts may strike "insufficient defense[s]" from a pleading upon a motion so requesting, or sua sponte. Fed. R. Civ. P. 12(f).

As this Court has recently discussed on several occasions, compliance with Rule 8(c) requires a defendant to set forth "some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint," so as to provide

the plaintiff fair notice of the grounds upon which the defense rests. Pk Studios, Inc. v. R.L.R. Invs., LLC, No. 2:15-CV-389-FTM-99CM, 2016 WL 4529323, at *2 (M.D. Fla. Aug. 30, 2016) (quoting Daley v. Scott, No: 2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at *3 (M.D. Fla. June 28, 2016)). Boilerplate pleading – that is, merely listing the name of the affirmative defense without providing any supporting facts – is insufficient to satisfy Rule 8(c), because it does not provide a plaintiff adequate grounds to rebut or properly litigate the defense. Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989); Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988)).

**III.**

**A.   Affirmative Defense One**

Defendant's first affirmative defense asserts that Plaintiff lacks the requisite Article III standing to pursue her TCPA claim because she has suffered no legally cognizable injury in fact. Plaintiff moves to strike this defense on the ground that "injury-in-fact is not required to give rise to a plaintiff [sic] Article III standing to bring a TCPA claim," since statutory a violation itself establishes standing. (Doc. #11, p. 4.) In response, Defendant appears to argue that Plaintiff has alleged only a "bare procedural violation," which is insufficient to constitute an injury in fact sufficient to confer standing. (Doc. #13, p. 5.)

Lack of standing is not an affirmative defense, but rather is a matter implicating the court's subject matter jurisdiction over

an action. Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1242 (11th Cir. 2003). Nonetheless, because standing "must be addressed as a threshold matter," id., the Court resolves the dispute now. See Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 255 (1994) ("Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation." (citation omitted)).

The Supreme Court has made clear that Article III does indeed require a plaintiff alleging violations of a consumer protection statute, such as the TCPA, to have suffered an injury in fact in order to have standing to pursue such claim. Spokeo, Inc. v. Robbins, 136 S. Ct. 1540, 1548 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)). "[A] bare procedural violation, divorced from any concrete harm, [will not] satisfy the injury-in-fact requirement of Article III." Id. at 1549.

But a mere procedural violation of the TCPA is not what is claimed here. By alleging Defendant autodialed her cell phone on eighteen separate occasions without her permission, Plaintiff accuses Defendant of engaging in precisely the type of abusive behavior the TCPA aims to prevent: infringement of "the substantive right to be free from certain types of phone calls and texts absent

consumer consent." Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1043 (9th Cir. 2017); see also Florence Endocrine Clinic, PLLC v. Arriva Med., LLC, No. 16-17483, --- F.3d ---, 2017 WL 2415966, at *2 (11th Cir. June 5, 2017) (observing that the TCPA creates "cognizable" substantive rights). "The violation of a statutorily-protected substantive right, in turn, causes 'real' harm, as opposed to harm that is 'hypothetical' or 'uncertain.'" JWD Auto., Inc. v. DJM Advisory Grp. LLC, 218 F. Supp. 3d 1335, 1340 (M.D. Fla. 2016) (citing Church v. Accretive Health, Inc., 654 F. App'x 990, 995 (11th Cir. 2016) (per curiam)); see also Van Patten, 847 F.3d at 1043 ("Congress identified unsolicited contact as a concrete harm, and gave consumers a means to redress this harm [under the TCPA]."); cf. Florence, 2017 WL 2415966, at *2 (the occupation of a recipient's phone line during the transmission of a junk fax is a sufficient injury in fact to confer standing under the TCPA); Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1253 (11th Cir. 2015) (same).

Since "a violation of the TCPA is [itself] a concrete, de facto injury . . . [a] plaintiff alleging a violation under the TCPA need not allege an *additional* harm beyond" unsolicited calls to the plaintiff. Van Patten, 847 F.3d at 1043; see also Tillman v. Ally Fin. Inc., No. 2:16-cv-313-FTM-99CM, 2016 WL 6996113, at *4 & n.6 (M.D. Fla. Nov. 30, 2016) (observing that a TCPA "plaintiff has standing to proceed based upon the allegation[] that he received autodialed calls" regardless of whether other

specific harms are alleged). Because Plaintiff's Complaint so alleges,[1] the Court grants Plaintiff's request to strike.

**B.   Affirmative Defense Three[2]**

Defendant's third affirmative defense asserts that Defendant never used an ATDS to call Plaintiff. Plaintiff moves to strike this defense on the ground that it essentially alleges a defect in her prima facie case, rather than states a proper affirmative defense. Plaintiff is correct that establishing use of an ATDS is part of a prima facie TCPA case. 47 U.S.C. § 227(b)(1)(A); Gambon v. R & F Enters., Inc., No. 6:14-CV-403-ORL-18, 2015 WL 64561, at *4 (M.D. Fla. Jan. 5, 2015). Plaintiff is also correct that "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988). Accordingly, the Court will strike affirmative defense three.

**C. Affirmative Defense Four**

Affirmative defense four alleges that Plaintiff provided prior express consent to receive ATDS calls on her cell phone. In moving to strike this defense, Plaintiff argues that this is a mere denial of the Complaint's allegations that she never consented to receiving such calls, not a proper affirmative defense. Unlike

---

[1] Exhibit A to the Complaint (Doc. #2-1) contains what purports to be a record of Defendant's calls made to (and received by) Plaintiff using LiveVox.

[2] As Defendant has withdrawn affirmative defense two, the Court does not herein address Plaintiff's request to strike that defense.

use of an ATDS, however, "[e]xpress consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof." Van Patten, 847 F.3d at 1044; Gambon, 2015 WL 64561, at *4.  Nonetheless, Defendant has pled no facts to support its boilerplate allegation of prior express consent.  Plaintiff's motion to strike affirmative defense four is thus granted, with leave to amend.

    Accordingly, it is hereby

    **ORDERED:**

    1.   Plaintiff's Motion to Strike (Doc. #11) is **GRANTED**.

    2.   Defendant may file an amended Answer and Affirmative Defenses as to affirmative defense four only within **fourteen days** of the date of this order.

    **DONE AND ORDERED** at Fort Myers, Florida, 13th day of June, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE